IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DEMARIO JAQUON BAKER, | ) | Civil Action No. 4:12-03201-TLW |
| | ) | Criminal No. 4:09-855-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Demario Jaquon Baker. ("Petitioner" or "Defendant"). On July 28, 2009, a federal grand jury returned a multi-count Indictment charging Petitioner with drug and firearms offenses. (Doc. # 20). On June 10, 2010, Petitioner entered a guilty plea to Count 6 of the Indictment, charging Felon In Possession of a Firearm, in violation of 18 U.S.C. §§ 922 and 924. (Docs. # 212 and # 214). The plea agreement in Petitioner's case called for a stipulated sentence under Rule 11(c) of 180 months imprisonment. (Doc. # 209). On August 19, 2010, a sentencing hearing was held in which Petitioner was sentenced to a term of imprisonment of 180 months. (Doc. # 273). Judgment was entered on August 31, 2010. (Doc. # 278). Petitioner did not pursue a direct appeal of his conviction and sentence.

On November 5, 2012, Petitioner filed the present action raising one ground of relief. (Doc. # 404). Petitioner contends that he is serving an illegally enhanced sentence as an armed career criminal when, in fact, his prior conviction history does not support that classification. Id.

On November 26, 2012, the Government filed a response and moved for summary judgment. (Docs. # 410 and # 411). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed November 30, 2012 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. # 413). Petitioner filed an untimely reply brief that nonetheless has been considered by the Court. (Doc. # 426). The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that '"[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at

890 (quoting <u>United States v. Mikalajunas</u>, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government has moved for summary judgment as to the single ground for relief raised by Petitioner. In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323; <u>see also</u>, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. <u>See</u> <u>Celotex</u>, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has

failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner's single asserted ground for relief concerns the use of certain of his prior South Carolina convictions to classify and sentence him as an armed career criminal pursuant to United States Sentencing Guideline 4B1.4. (Doc. # 404). The Government, in turn, counters that Petitioner's application is properly dismissed as time-barred. (Doc. # 410).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a petitioner must bring any federal habeas corpus petition. 28 U.S.C. § 2255. According to the statute, the limitation period shall run to the last of:

1. The date on which the judgment of conviction becomes final;
2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
4. The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f) (1)-(4).

Where there is no direct appeal, the judgment of conviction becomes final when the fourteen day notice of appeal period expires. See Sherill v. United States, 2006 WL 462092 *1

(W.D.N.C. Feb. 23, 2006); see also Fed. R. App. P. 4(b)(1)(A) (effective December 1, 2009, criminal defendants now have fourteen (14) days to notice an appeal).

Here Petitioner sought no direct appeal. His conviction therefore became final in or about mid-September 2010, and his limitation period to file under § 2255 expired approximately one year later, in or about mid-September 2011. As noted, Petitioner did not file his § 2255 petition until November 5, 2012. (Doc. # 404).

In his filing, Petitioner appears to argue that the Fourth Circuit case of Simmons v. United States, 49 F.3d 237 (4th Cir. 2011), operates to excuse the lateness of his application. However, this argument is unavailing for a number of reasons. First, Simmons concerned the unique sentencing regime in North Carolina's state court system and a particular North Carolina drug offense the violation of which does not necessarily subject the offender to the possibility of a one year term of incarceration. That is simply not true of the South Carolina Assault and Battery of a High and Aggravated Nature (ABHAN) and Burglary, 3rd offenses for which Petitioner was convicted and that would have been relied upon to classify and sentence Petitioner as an armed career offender. See Presentence Investigation Report, Paragraphs # 17, # 18 and # 21. The record does not reflect that Petitioner's drug convictions would have been the basis for his classification as an armed career offender. Moreover, because Simmons is not an opinion of the United States Supreme Court (but rather a Circuit Court of Appeals decision), it could not reset the clock on the § 2255 limitation period, even were it applicable to Petitioner's case. Instead, Petitioner would have to rely upon the Supreme Court case of Carachuri-Rosendo v. Holder, 130 S.Ct. 2377 (2010). However, the Carachuri-Rosendo opinion issued on June 14, 2010, and that is well over one year prior to Petitioner's November 5, 2012 filing of the present petition. (Doc. # 59). Finally, and perhaps most basically, Petitioner was sentenced to 180

months incarceration pursuant to a Rule 11(c) plea agreement with the Government. (Doc. # 209). Because Petitioner was not, in fact, sentenced pursuant to a guidelines calculation, his allegation that he was sentenced unlawfully or inaccurately under the guidelines is simply not supported by the record of his sentencing.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 404) and the Government's motion for summary judgment is **GRANTED**. (Doc. # 411).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.


March 28, 2013                                                   __s/Terry L. Wooten_____
Florence, South Carolina                                  United States District Judge